UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Hakan Yalincak, *Plaintiff*, *v.* United States of America, *Defendant*. | Civil No. 3:08cv1453 (JBA) June 7, 2013 |

**RULING ON PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner Hakan Yalincak moves [Doc. # 65] for reconsideration of the Court's September 28, 2011 decision denying his petition under 28 U.S.C. § 2255 and requests a certificate of appealability. For the reasons that follow, Mr. Yalincak's motion for reconsideration will be denied, and a certificate of appealability will not issue.

**I.        Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "The major grounds for justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (1st ed. 1981)).

**II.        Discussion**

Mr. Yalincak makes three arguments in support of his motion for reconsideration. First, he asserts that the Court made a clear error of law when it determined that his "post–sentencing

breach of plea agreement claim" was without merit. (Pet'r's Mot. for Reconsideration at 1.) Next, he argues that it was clear error to find that his ineffective assistance of counsel claim related to his counsel's advice to plead guilty to bank fraud lacked merit, and finally, he challenges the Court's analysis with respect to his claim of ineffective assistance of counsel regarding the waiver of inadmissability under INA § 212(c). Alternatively, Mr. Yalincak argues that "at a minimum," he is entitled to an evidentiary hearing and a certificate of appealability. (Pet'r's Mot. at 2.)

### A.      Claim of Breach of Cooperation Agreement

Mr. Yalincak asserts that the Court was in error when it concluded that his argument that the Government had breached the terms of the Cooperation Agreement in the months following sentencing lacked merit. The Cooperation Agreement provides:

> The Government will inform the sentencing Court and the Probation Office of the nature and extent of the defendant's cooperation, including its investigative or prosecutorial value . . . or the lack of its value . . . .  In addition, the Government will make this information known to any other administrative or governmental entity designated in writing by the defendant's counsel.

(3:05cr153(JBA) Cooperation Agreement [Doc. # 163] at 2–3.)

In its September 28, 2011 Ruling, the Court concluded that the record lacked any evidence that Petitioner, or Petitioner's counsel, "designated in writing" any request for the Government to notify ICE of his cooperation until the Government construed Petitioner's § 2255 petition as a written request and sent ICE notification of Petitioner's cooperation in November of 2008.

Petitioner offers no new factual claims and references no changes in the law that would warrant the Court's reconsideration of its September 28 Ruling or require an evidentiary hearing. Accordingly, Petitioner's motion for reconsideration of the Court's disposition of this claim will be denied.

**B.      Ineffective Assistance of Counsel and Bank Fraud Claim**

Without pointing to a change in controlling law or additional evidence, Petitioner next asks the Court to reconsider its ruling rejecting his argument that there was no factual basis for his plea under the Federal Bank Fraud statute, 18 U.S.C. § 1344, and that his counsel was ineffective for failing to move to dismiss the indictment as to this count. In its September 28, 2011 Ruling, the Court found that Mr. Yalincak's plea was knowing and voluntary, and that there was ample evidence in the record to support a factual basis for his plea. Petitioner continues to insist that there was no "actual or potential risk of loss to BONY," and that, therefore, "the bad check Mr. Yalincak gave to UBS cannot transform his action into a scheme to defraud BONY." (Pet'r's Mot. at 8). However, the Second Circuit has held that "actual or potential loss to the bank is not an element of the crime of bank fraud *but merely a description of the required criminal intent*." *United States v. Rigas*, 490 F.3d 209 (2d Cir. 2007) (emphasis added). Relevant portions of Mr. Yalincak's plea colloquy, reproduced at pages 9–10 of the September 28, 2011 Ruling, reveal that Petitioner had the requisite intent, as he attested to in open court, to defraud the Bank of New York. Accordingly, the Court will not reconsider its Ruling rejecting Petitioner's "knowing and voluntary" challenge to his guilty plea and his related ineffective assistance of counsel arguments.

**C.      Ineffective Assistance of Counsel and *Padilla* Claim**

Finally, Petitioner asserts that the Court's interpretation of his *Padilla* claim is "restrictively narrow" (Pet'r Mot. at 9), as he argues that the "Court's ruling was based on the fact that Mr. Yalincak was correctly advised that he would be subject to deportation," and that "further analysis is required." (*Id.*) Mr. Yalincak argues that "it is undisputed that [he] received affirmative misinformation from Attorney Grossberg and/or Attorney

Gania," and that "the facts and holding in *Padilla* are squarely applicable here where Mr. Yalincak was affirmatively provided misinformation as to the avoidability of automatic deportation." (*Id*. at 10.)

As discussed in the September 28 Ruling, Mr. Yalincak's attorneys advised him that even if his guilty plea could lead to deportation, he would be eligible for a waiver under INA 209(c). The record lacks evidence that his attorneys provided him with "affirmative misinformation" on this point. While both of his attorneys advised him that he would be eligible for a waiver of inadmissibility, after he entered his guilty plea, an immigration judge ordered Mr. Yalincak's mother, Ayfer Yalincak, removed, and consequently, determined that Mr. Yalincak "lost his derivative asylee status and, thus, became ineligible for the sole waiver . . . that would have allowed him to remain in the United States." (January 3, 2011 Ltr. From Edwin Gania to Jeffrey Kestenband, Ex. 1 to Gania Aff. [Doc. # 61–1] at 2; *see also* Grossberg Ltr. [Doc. # 51–1] at 22.)

The Sixth Amendment does not particularize the requirements for effective assistance, but "relies instead on the legal profession's maintenance of standards sufficient to justify the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions." *Strickland v. Washington*, 446 U.S. 668, 689 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* The record shows that Petitioner's attorneys had considered the issue of the 209(c) waiver and discussed these issues with Petitioner, as Attorney Grossberg writes,

> Prior to Mr. Yalincak's guilty plea, Attorney Gania had researched whether Mr. Yalincak would be eligible for this waiver and confirmed that irregardless [sic] of the characterization of his conviction, if Mr. Yalincak was granted a waiver under INA 209(c) it would have permitted him to stay in the United States. First, this position was reached after taking into account the fact that while Mr. Yalincak and Mrs. Yalincak would ultimately have separate removal proceedings[,] a favorable or negative exercise of discretion in one may effect the exercise of discretion in the other.

(Grossberg Ltr. [Doc. # 51-1] at 22.) The immigration judge's post–guilty plea determination, whether correct or incorrect, about Petitioner's eligibility for the 209(c) waiver based on his mother's changed status was obviously not known to his attorneys at the time that Mr. Yalincak entered his plea of guilty. The Court views counsel's failure to predict this outcome as fully below the level of constitutionally deficient performance under *Strickland*, and will not reconsider its holding that Attorney Grossberg's representation of Mr. Yalincak was not constitutionally deficient.

### D.      Evidentiary Hearing

Section 2255 requires a district court to hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001). The Court has already considered the sizable record and the parties' briefings and concluded that Petitioner's claims are without merit. Thus, an evidentiary hearing is not necessary.

### E.      Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As

discussed above, the Court finds that Petitioner has not met this standard.[1] Accordingly, a certificate of appealability will not issue from this Court. Petitioner is free to seek a certificate from the Court of Appeals.

### III.   Conclusion

For the reasons discussed above, Petitioner's Motion [Doc. # 65] for Reconsideration of the Court's September 28, 2011 Ruling is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of June, 2013.

---

[1] Further, even if counsel's conduct implicates *Padilla*, a *Padilla*-based ineffective assistance of counsel claim does not have retroactive effect, and thus cannot provide the basis for Petitioner's claim for relief under § 2255.  *See Chaidez v. U.S.*, 133 S. Ct. 1103, 1110, 1113 (2013) ("*Padilla*'s holding that the failure to advise about a non-criminal consequence could violate the Sixth Amendment would not have been—in fact, was not—"apparent to all reasonable jurists" prior to our decision. . . . Padilla thus announced a "new rule." . . . Under *Teague*, defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."). Thus, the Supreme Court's recent holding in *Chaidez* makes clear that a COA is not appropriate in this case.